## McClure v. Doak.

1. RESULTING TRUST. *Parol agreement not affected by statute of frauds or registration laws.* *When.* Where a husband gets control of his wife's funds, not by virtue of his marital rights, but under an express promise to invest the same in land for her use, and afterwards purchases land, taking the title to himself, the law attaches a trust for wife's benefit to the title so acquired to the extent of the application of her money in the purchase, and though the husband's agreement rests in parol, it is not affected by the statute of frauds or the registration laws.

Cases cited: Embry v. Robinson and Wife, 7 Hum., 444; Powell v. Powell, 9 Hum., 477; Pritchard v. Wallace, 4 Sneed, 405; Click v. Click, 1 Heis., 607; Sandford v. Weeden, 2 Heis., 71.

2. SAME. *What necessary to establish.* To establish a resulting trust proper, the trust must arise at the date of the purchase, and attach to the title at the time. Accordingly, where a husband procures his wife to join him in a mortgage of her land, with the verbal stipulation that if said land was sold to pay the debt he should convey to her his

McClure *v.* Doak.

land, and afterwards sold the mortgaged land and applied the proceeds to the payment of the debt upon it and his other debts, and on the same day, in pursuance of his agreement, conveyed his land to a trustee for her use, which was registered subsequent to the levy of an execution upon the same by a creditor of the husband:

*Held,* that the lien of the levy is superior to the rights of the wife under the conveyance.

Cases cited: Dudley *v.* Bosworth, 10 Hum., 9; Moffitt *v.* McDonald, 11 Hum., 457; Gee *v.* Gee, 2 Sneed, 395.

FROM HAWKINS.

Appeal from a decree of the Chancery Court. H. C. SMITH, Chancellor.

HU. G. KYLE and WATTERSON for complainant.

FULKERSON & McDERMOTT for defendant.

McFARLAND, J., delivered the opinion of the court.

The defendant, A. M. Doak, had obtained a judgment against Mitchell McClure, and had execution issued and levied upon a tract of land in Hawkins county as the debtor's property, and was proceeding to have the same sold in satisfaction of the judgment, when he was prevented from proceeding by an injunction under the present bill.

This bill was filed by Barsheba C. McClure, who is the wife of said Mitchell McClure, for the purpose of setting up her right to said tract of land, and to enjoin the sale under Doak's execution.

The bill, in substance, charges that about $2,750, derived from the sale of her interest as heir of her father in certain lands, and also certain slaves, was

used in the erection of a house upon the land in question, which at the time belonged absolutely to her husband. It was expressly stipulated that this sum of money should be thus applied. This was about the year 1856. The complainant, with her husband and family, then resided upon this land, and continued to do so.

The bill further charges that the said Mitchell McClure became indebted beyond his ability to pay without a sale of his real estate, and that some of these debts were pressing in the year 1871, and that to meet these demands, or to procure a loan for that purpose, he executed a deed of trust, conveying to Joseph Thompson, trustee, the tract of land above referred to, which then belonged to said Mitchell McClure, being the one now in controversy, and also another tract owned by the complainant and inherited by her from her father, then deceased. The complainant joined in the execution of this deed. It was made to secure W. W. Brockway a note for $1,200, with interest, for money loaned, with a power to sell if the debt was not paid in twelve months.

The complainant charges that she assented and joined in this conveyance with the understanding and express agreement, that in case a sale of her tract of land could be effected, the said Michell McClure would convey to her, or to a trustee for her sole and separate use, his own tract of land before referred to.

This deed of trust was executed on the 23d May, 1871, and registered. About the 22d of November, 1872, said McClure, with the consent of the trustee,

McClure *v.* Doak.

sold complainant's tract of land for $1,800, and complainant joined him in a conveyance to the purchaser. Out of the $1,800 received by McClure for the sale of this tract, he payed the debt to Brockway with interest secured by the deed of trust, and applied the balance to his other debts.

On the same day, the 22d of November, 1872, said Mitchell McClure conveyed his own tract of land, the one in controversy, in pursuance of his agreement, to Joseph McClure, in trust for the sole use of the complainant.

This deed was registered on the 10th of December, 1872. The execution of the defendant Doak was levied upon the land on the 27th of November, 1872—after the execution of the last mentioned deed for the use of the complainant, but before its registration.

The defendant Doak filed a demurrer to this bill, raising the question as to the superior rights of the parties. The Chancellor overruled the demurrer and allowed an appeal to this court.

It is manifest that if the complainant's claim rests alone upon the last mentioned deed conveying the land for her use, her right of relief as against Doak must fail, for the reason that this deed was void as to creditors until registered, and before its registration Doak had a specific lien fixed upon the land by the levy of his execution, and this lien could not be displaced by the subsequent registration of the deed.

To avoid this result, we have been furnished with a very ingenious argument, placing the complainant's claim upon the ground of a resulting trust.

The cases in this State establish the proposition, that where a husband gets his wife's funds into his possession, not by virtue of his marital rights under the law, but under a promise or agreement on his part to invest such funds in lands for her use, and afterwards does purchase land with the funds, taking the title in his own name, the law at once attaches the trust for the benefit of the wife to the title thus acquired by the husband, to the extent the purchase money was paid with the funds of the wife; and although the agreement of the husband to thus invest his wife's funds rests only in parol, it is not affected by the statute of frauds, nor do the registration laws apply. This doctrine has been applied in several cases, differing somewhat in their facts, and in the application, but not differing materially in principle. Upon this question see *Embry and Young* v. *Robinson and wife*, 7 Hum., 444; *Powell* v. *Powell*, 9 Hum., 477; *Pritchard* v. *Wallace*, 4 Sneed, 405; *Click* v. *Click*, 1 Heis., 607; *Sandford* v. *Weeden*, 2 Heis., 71. In the case of *Embry and Young* v. *Robinson and wife*, 7 Hum., relied upon for complainant, the property of the wife before marriage was secured to her by a marriage contract. A part of this was. afterwards used by the husband in paying his debts, and in consideration of this, the husband conveyed certain lands of his own for the use of the wife. This deed was made and *duly registered* before the creditors obtained judgment. The court held that the conveyance in favor of the wife was supported by a valuable consideration, and was not fraudulent, and as

her trustee took the title *unaffected by liens in favor of the creditors,* her right was superior to theirs, without regard to whether the marriage settlement was registered or not. In other words, her deed being upon a valuable consideration and duly registered, was superior to the claims of creditors under after-acquired judgments.

The cases where a resulting trust in favor of the wife has been established, are generally cases where her funds went directly into the land sought to be reached, and the trust attached to the title at the time it was obtained by the husband. In fact, it is a general principle in regard to resulting trusts proper, that the trust must arise out of the state of facts existing at the time of the purchase, and attach to the title at that time, and not arise out of any subsequent contract or transaction. See *Gee* v. *Gee,* 2 Sneed, 395; 11 Hum., 457; 10 Hum., 9.

In the present case, the complainant is not seeking to follow the proceeds of the sale of her own land; this money went to pay her husband's debts; she is seeking to set up a resulting trust in the tract of land to which her husband had long before that acquired title, in a way not in any manner connected with her estate. Did Mitchell McClure hold the title to the tract of land in question as trustee for his wife, from the time he sold her land to pay his debts, by virtue of his agreement to convey this land to her or to a trustee for her use? We are of opinion that he did not. It is argued that it was, in legal effect, the same thing as if her money had

24—VOL. 6.

been paid for this land in the first instance. This, we think, would be going farther than any case to which our attention has been directed, and farther than sound principle will justify.

McClure having, by his agreement to settle this land to his wife's use, obtained the proceeds of her land for the payment of his debts, a conveyance made by him in pursuance of this agreement, if reasonable and free from objection in other respects, ought to be upheld in equity; but her right rests upon the conveyance, and is subject to the registration laws. The husband's agreement to convey his own tract of land was within the statute of frauds. No trust ever attached to this land; McClure did not obtain the title to it by use of the complainant's money.

It is argued that complainant should be substituted to the rights of Brockway under the deed of trust, as her money paid the deed; but we think this principle not applicable to a case of this character. With regard to the money of complainant charged to have been used by her husband in building the house, the bill does not charge that said McClure obtained this money under any agreement to invest the same in land for the complainant's use. The only agreement charged to have been made in regard to this, was that it should be used in building the house, but nothing more.

We conclude, that while it appears that the deed under which complainant claims is supported by a meritorious consideration, yet, as no resulting trust can be raised in her favor, her right must rest upon

the deed, and the lien of the defendant Doak being fixed before its registration, his claim is superior.

The decree must then be reversed and the bill dismissed with costs.